# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5268**                                   **September Term, 2024**

1:25-cv-01294-AHA

**Filed On:** August 21, 2025

Todd M. Harper, in his personal capacity and
in his official capacity as a Member of the
National Credit Union Administration Board
and Tanya F. Otsuka, in her personal
capacity and in her official capacity as a
Member of the National Credit Union
Administration Board,

        Appellees

    v.

Scott Bessent, in his official capacity as
Secretary of the Treasury, et al.,

        Appellants

 

    **BEFORE:**    Henderson, Childs, and Pan, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for stay pending appeal, the Rule 28(j) letter, the emergency opposition to the motion, which includes a motion to expedite, the reply, and the opposition to the motion to expedite, it is

**ORDERED** that the administrative stay entered on July 25, 2025, be dissolved. It is

**FURTHER ORDERED** that the emergency motion for stay pending appeal be granted. Appellants have satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). It is

**FURTHER ORDERED** that this appeal be expedited and the following briefing schedule apply:

Appellants' Brief                                   September 12, 2025

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5268**                       **September Term, 2024**

Appendix                            September 12, 2025

Appellees' Brief                    October 3, 2025

Appellants' Reply Brief             October 17, 2025

The Clerk is directed to calendar this case for argument on the first appropriate date following the conclusion of briefing. The parties will be informed later of the date of oral argument and the composition of the merits panel.

Due to the expedited nature of this case, the court will not entertain dispositive motions. The parties should therefore address in their briefs any arguments otherwise properly raised in such motions.

Appellants should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 44 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

## **Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Selena R. Gancasz
Deputy Clerk